IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY R. GESKE, JR., | ' |
| Plaintiff, | ' |
| v. | ' Civil Action No. 3:11-CV-2220-M-BK |
| BANK OF AMERICA HOME LOANS, | ' |
| Defendant. | ' |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. (Doc. 1). The Court now considers *Defendant's Motion to Dismiss Plaintiff's Original Petition*, filed September 26, 2011. (Doc. 5). After reviewing the motion, responsive pleadings, and applicable law, the Court finds the motion to be well taken and recommends that it be GRANTED.

**I. BACKGROUND**

On August 26, 2011, *pro se* Plaintiff, Tommy Geske, filed suit against Bank of America Home Loans, for violations of the Fair Debt Collections Practices Act (FDCPA), fraud, and extreme emotional distress. (Doc. 2). Plaintiff's claims are premised on a document sent by Defendant to Plaintiff in which Defendant made a "demand . . . for payment of an alleged debt" and threatened foreclosure of Plaintiff's property located in Waxahachie, Texas. (Doc. 2 at 3-4). Plaintiff contends that Defendant lacks standing to collect the alleged debt because Plaintiff "never entered into a contractual agreement with Defendant." (Doc. 2 at 4). In addition to his causes of action, Plaintiff "demand[s] strict verified proof" that Defendant has standing to collect

the alleged debt, and states that if Defendant proves standing as demanded, he will stipulate to Defendant's standing and file an amended complaint. (Doc. 2 at 6-9, 13).

On September 26, 2011, Defendant filed its motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5). Defendant argues that Plaintiff has filed this suit in an effort to stall foreclosure proceedings. (Doc. 6 at 1). In addition, Defendant claims that the case should be dismissed because: 1) it is not a debt collector under the FDCPA; 2) Plaintiff has not presented a case for common law fraud; and 3) Plaintiff's claim for extreme emotional distress fails as a matter of law. *Id*. at 3-6.

In his response, Plaintiff avers that the case should not be dismissed because Defendant is a debt collector. (Doc. 9 at 8). However, Plaintiff wholly fails to address Defendant's motion to dismiss with regard to the fraud and extreme emotional distress causes of action. In reply, Defendant reiterates that "as servicer of plaintiff's mortgage loan, is not a 'debt collector' as defined by the statute." (Doc. 10 at 2). Additionally, Defendant avers that it is not required to show Plaintiff the original note to prove its standing to foreclose under Texas law. *Id*. at 3.

## II. APPLICABLE LAW

Motions to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).  Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950.

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell*, 43 F.3d at 975.  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity; the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 129 at 1949.  The tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions. *Id*.  However, a complaint need not set forth all the facts upon which a claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 545.

### III. DISCUSSION

Plaintiff's FDCPA claims:

Defendant asserts that Plaintiff's FDCPA claims should be dismissed because, as a servicer of Plaintiff's mortgage loan, Defendant is not a debt collector under the FDCPA.  (Docs.

6 at 3; 10 at 2). Defendant argues that its status as a servicer of Plaintiff's mortgage is "evidenced by the July 27, 2011, notice of default attached to [Plaintiff's Response], 'Bank of America, N.A. . . . services the home loan described above on behalf of the holder of the promissory note[.]'" *Id*. In response, Plaintiff incredulously argues that Defendant is a debt collector because "Defendant is a law firm that was hired as a substitute trustee to enforce a Deed of Trust Note." (Doc. 9 at 8). Plaintiff also asserts that "[u]ntil Defendant proves up the existence of a contract to which Plaintiff is liable, and proves us [sic] agency and standing to enforce such contract, defendant is a debt collector." *Id*. at 4.

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 US 291, 294 (1995). The Act's definition of the term "debt collector" includes a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] ... another." 15 U.S.C. § 1692a(6). The Fifth Circuit has noted that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, *a mortgage servicing company*, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis added). Thus, this Court must determine if the *Complaint* contains well-pled factual allegations that Defendant is a debt collector as defined under the FDCPA.

The *Complaint* merely alleges that Defendant *may* not have standing to collect the debt -- contending that Defendant is a debt collector because Defendant: 1) "is not the originator of the alleged debt"; and 2) is not "a bona fide agent of the originator or subsequent true holder of the alleged debt." (Doc. 2 at 3). Plaintiff's accusations are premised on the fact that Defendant has failed to provide Plaintiff with proof that it has standing to collect the debt, and they ignore

Plaintiff's own supporting documentation that Defendant is, in fact, a mortgage servicing company.  *See* Doc. 2.

The document referred to repeatedly in the *Complaint* as demanding payment, and which is also attached to Plaintiff's response to the motion to dismiss (Doc. 5), plainly states that Defendant is the servicer of the note.  *See* Docs. 2; 9 at 10.  Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.  *Collins*, 224 F.3d at 498.  Plaintiff's argument that Defendant is not the servicer of the note and does not have standing to collect the debt is mere conjecture and not entitled to be accepted as true.  *See id.* (the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact.").  Accordingly, the Court finds that Plaintiff has failed to plead that Defendant is a debt collector as defined by the FDCPA, and thus fails to state a claim upon which relief can be granted.

Furthermore, Texas law allows a mortgage servicer, such as Defendant, to administer the foreclosure of property on behalf of a mortgagee if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2005).  None of those conditions require the mortgage servicer to be the "holder" of the Note and Deed of Trust or to produce the original loan documents.  *See Sawyer v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 996768, *3 (N.D. Tex. Feb. 1, 2010). Because Plaintiff's claims that Defendant is a debt collector are based on an erroneous legal assumption, his FDCPA claims should be dismissed.

Plaintiff's fraud claim:

Defendant avers that Plaintiff has not presented a case for common law fraud.  (Doc. 6 at 4).  Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false

or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001). Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, "[p]leading fraud with particularity requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). These heightened pleading requirements apply equally to state law claims of fraud. *Id.*

Here, not only has Plaintiff failed to meet the heightened pleading requirements to allege fraud, he has also failed to plead factual allegations that he relied on Defendant's fraudulent misrepresentation and suffered an injury as a result. *Campbell*, 43 F.3d at 975. Plaintiff's conclusory allegation that "Plaintiff believed Defendant and was thereby harmed" is insufficient. *See Collins*, 224 F.3d at 498. Consequently, the Court finds Plaintiff's fraud claim fails to state a claim upon which relief can be granted.

Plaintiff's extreme emotional distress claim:

The Court liberally construes Plaintiff's "extreme emotional distress" claim as a claim for intentional infliction of emotion distress (IIED).[1] *See Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding pro se litigant's pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers). Under Texas law, the elements to a IIED

---

[1] Extreme emotional distress and negligent infliction of emotional distress are not causes of action that are recognized under Texas law. *See Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993) (finding that negligent infliction of emotional distress is not recognized under Texas law and that severe emotional distress is an element of an IIED claim).

6

claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. *Tex. Farm Bureau Mut. Ins. Co. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002).

"Whether a defendant's conduct is 'extreme and outrageous' is a question of law." *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001). "The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone, necessarily render it '"extreme and outrageous."'" *Id*. Extreme and outrageous behavior by the defendant must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*. (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993)).

Defendant avers that, Plaintiff has failed to allege "extreme and outrageous conduct." (Doc. 4 at 6). The Court agrees. Even taking all factual allegations in Plaintiff's complaint as true, they are insufficient to allege that Defendant's demand for payment and threat to foreclose on Plaintiff's property was so "extreme and outrageous" that it went beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Again, Plaintiff's claim is premised on his mere speculation that Defendant may not have standing to collect the debt. Accordingly, the Court finds that Plaintiff's IIED claim fails to state a claim upon which relief can be granted.

Opportunity to Amend

Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, allowing leave to amend is not required if the *pro se*

plaintiff has already pled his "best case." *Id.*; *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Here, Plaintiff's complaint and response to the motion to dismiss indicate that the only bases for his claims are conclusory allegations and erroneous legal assumptions. Moreover, Plaintiff has not even suggested the ability to pled additional relevant facts. Accordingly, the undersigned concludes that, Plaintiff has been given ample notice of the motion to dismiss and has already pled his best case. Granting leave to amend under these circumstances is not required, as doing so would be futile and cause needless delay. *See Jacquez*, 801 F.2d at 792 ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

### IV. CONCLUSION

Thus, for the reasons discussed herein, it is recommended that *Defendant's Motion to Dismiss Plaintiff's Original Petition* (Doc. 5) be GRANTED and this case be DISMISSED WITH PREJUDICE.

SIGNED December 12, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE